WRAY ET AL., APPELLANTS, *v.*
CITY OF URBANA, APPELLEE.

(No. 81CA21 — Decided
February 11, 1982.)

*Mr. W. Joseph Strapp,* for appellants.
*Mr. Thomas A. Luebbers,* for appellee.

WILSON, J. The plaintiffs are present and former hourly rate employees of the defendant, charter city of Urbana. Plaintiffs were paid time and one-half overtime pay for hours worked in excess of forty-four hours per week as required by Urbana ordinance. Plaintiffs filed suit to obtain time and one-half overtime pay for hours worked in excess of forty hours as required by R.C. 4111.03(A). The trial court found the statute to be subordinate to the ordinance and plaintiffs appealed.

All facts were stipulated. The three assignments of error raise but one issue, an issue of law. Does the statute prevail over the ordinance or *vice versa?*

Plaintiffs contend that R.C. 4111.03 was enacted pursuant to Section 34, Article II of the Ohio Constitution, which states:

"Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employes; and no other provision of the constitution shall impair or limit this power."

They further contend that R.C. 4111.03 takes precedence over the defendant's ordinance enacted pursuant to Urbana's "powers of local self-government," Section 3, Article XVIII, the Home Rule Provision of the Ohio Constitution. This section states:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The defendant correctly asserts that the power to determine wages paid city employees is a power of local self-government. *Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375 [15 O.O.3d 450]. Urbana further contends that since its wage ordinance is purely a local matter it should prevail over state law.

The *Parma* case involved a Parma wage ordinance which was in conflict with R.C. 5923.05. This statute is limited in its application to officers and employees of the state or political subdivisions who are members of the national guard. Implicit in the *Parma* case is that R.C. 5923.05 is neither a general law based upon the state police power nor a general law enacted pursuant to Section 34, Article II.

R.C. Chapter 4111 is Ohio's Minimum Fair Wage Standards Act. It applies to major employers in Ohio, public and private, including cities. R.C. 4111.01. It provides for minimum wages and overtime pay. Payment of overtime at a rate less than time and one-half for over forty hours is a misdemeanor of the third degree. R.C. 4111.13(C) and 4111.99(B).

R.C. 4111.03 is a general law involving the concern of the state for all of its citizens. It was enacted in the exercise of the state police power. *Dies Electric Co.* v.

*Akron* (1980), 62 Ohio St. 2d 322 [16 O.O.3d 365].

"* * * [T]he general laws of the state are supreme in the exercise of the police power, regardless of whether the matter is one which might also properly be a subject of municipal legislation. Where there is a direct conflict, the state regulation prevails." *Canton* v. *Whitman* (1975), 44 Ohio St. 2d 62, 66 [73 O.O.2d 285].

The Supreme Court of Ohio has recently held that Ohio's prevailing wage law (R.C. 4115.03 to 4115.15, inclusive) "has significant extraterritorial effects, beyond the scope of any municipality's local self-government or police powers" which "preempts any conflicting local ordinance." *State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88 [23 O.O.3d 145].

We believe that an ordinance in conflict with the Minimum Fair Wage Standards Act must yield for the same reasons.

We reverse and remand for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

PHILLIPS and BROGAN, JJ., concur.