DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on an accelerated appeal from the judgment of the Sylvania Municipal Court, which granted the motion for summary judgment filed by Toledo Sleep Disorders Center, Ltd., against appellants, Brenda Meisler, Timmy Hamilton, and Jennifer Zibbel, as to their claim for attorney's fees. For the reasons that follow, we affirm the decision of the trial court. *Page 2 
 {¶ 2} Appellants were leased employees of the Sleep Network. On or about January 1, 2003, Sleep Network became Toledo Sleep Disorders Center, Ltd. ("the Center"). In November 2003, appellants terminated their employment with the Center. Appellants filed a complaint against the Center on January 6, 2005. In the sole count of their complaint, appellants alleged breach of contract and sought payment for their unused vacation time, as provided for in their employment handbook, and for outstanding employer contributions owed to their retirement plans. Appellants then set forth a prayer for judgment in the total amount of $6,080.26 for the unused vacation time; "pre-judgment interest according to Ohio's wage statute"; post-judgment interest; attorney fees, costs, and expenses; and any further relief deemed just or equitable.
 {¶ 3} On September 8, 2005, the Center filed for summary judgment with respect to appellants' claims for attorney's fees, vacation pay, and retirement contributions. On October 14, 2005, the trial court granted the Center's motion for summary judgment as to appellants' claim for attorney's fees, but denied summary judgment as to appellants' breach of contract claims. Following a jury trial, appellants were awarded damages for their unused vacation pay and matching IRA contributions. Although the jury verdict was entered on November 18, 2005, the trial court's judgments did not become final and appealable until September 8, 2006, when the trial court ruled on an outstanding motion for pre-judgment interest. *Page 3 
 {¶ 4} On appeal, appellants raise the following sole assignment of error:
 {¶ 5} "The trial court erred in granting appellee's motion for summary judgment on appellants' claim for attorney fees, since vacation pay qualifies as a `wage' under the Ohio Minimum Fair Wage Standards Act, R.C. 4111.01 et seq."
 {¶ 6} This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 7} Appellants argue that pursuant to R.C. 4111.10(A), they are entitled to recover reasonable attorney's fees incurred in pursuit of their claims against the Center.[1] Appellants argue that, although R.C. Chapter 4111, the Ohio Minimum Fair Wage Standards Act, is "routinely applied to minimum wage and overtime cases," the Act should not be "so narrowly construed as to limit its application to these two particular classes of cases." Additionally, by liberally construing the application of R.C. Chapter 4111, appellants assert *Page 4 
that vacation pay falls squarely within the definition of a "wage" under R.C. 4111.01(A).[2] We disagree.
 {¶ 8} Although Ohio is a notice-pleading state, appellants were nevertheless required to set forth a claim for relief that contained "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A); Cincinnati v.Beretta U.S.A. Corp., 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 29. Appellants' complaint is devoid of reference to R.C. Chapter 4111 or the Ohio Minimum Fair Wage Standards Act; rather, appellants solely asserted a breach of contract cause of action based upon their employment handbook.
 {¶ 9} Additionally, we disagree that R.C. 4111.01(A) encompasses accrued vacation time in the definition of "wage." R.C. Chapter 4111 "was enacted through an exercise of the state's police power and provides for, in part, minimum hourly wages and overtime pay."Mann-Branham v. Valjanovski (May 29, 1997), 10th Dist. No. 96APE12-1709, citing, Wray v. Urbana (1982), 2 Ohio App.3d 172, and Dies Electric Co.v. Akron (1980), 62 Ohio St.2d 322. Because appellants' complaint does not allege violations of the Ohio Minimum Fair Wage Standards Act, we find that they are not entitled to an award of attorney's fees pursuant to R.C. 4111.10(A). See Valjanovski. *Page 5 
 {¶ 10} Accordingly, we find that the Center was entitled to summary judgment as a matter of law. Appellants' sole assignment of error is therefore found not well-taken.
 {¶ 11} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Sylvania Municipal Court is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 {¶ 12} This matter is also before the court on the Center's motion for award of attorney fees and expenses pursuant to App.R. 23.[3] The Center argues that appellants' appeal was frivolous and presented no reasonable question for review, specifically, because appellants knowingly failed to assert a claim under the Ohio Minimum Fair Wage Standards Act, did not amend their pleading to assert such a claim, and knew from the outset that there was no factual basis for a minimum wage claim in this case. Although appellants failed to prevail on appeal, we find that they presented an arguable question for review. Accordingly, we find that appellants' appeal was not frivolous and, therefore, deny the Center's motion for attorney fees.
JUDGMENT AFFIRMED.
Meisler v. Toledo Sleep
Disorders Center, Ltd.
C. A. No. L-06-1304
[1] R.C. 4111.10(A) states: "Any employer who pays any employee less than wages to which the employee is entitled under sections 4111.01 to4111.17 of the Revised Code, is liable to the employee affected for the full amount of the wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees as may be allowed by the court. Any agreement between the employee and the employer to work for less than the wage rate is no defense to an action."
[2] R.C. 4111.01(A) defines "wage," in part, as follows: "`Wage' means compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to the deductions, charges, or allowances permitted by rules of the director of commerce under section 4111.05 of the Revised Code. * * *"
[3] App.R. 23, entitled "Damages for delay," states: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." *Page 1